## BORNSTEIN *v.* HARDING.

*(City Court of New York, General Term.*   October 22, 1891.)

ARREST IN CIVIL CASES—AFFIDAVIT—KNOWLEDGE OF AFFIANT.

An order for defendant's arrest, which was granted on plaintiff's affidavit that he procured from plaintiff's assignor a sale of goods on credit on the faith of his false representations that he was solvent, averring conversations between defendant and such assignor, and the effect they had on the latter's mind, should be vacated because the facts were not within plaintiff's personal knowledge.  EHRLICH, C. J., dissenting.

Appeal from special term.

Action by Joseph A. Bornstein against Robert L. Harding.    There was an order for defendant's arrest, and he appeals from the denial of his motion to vacate it.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.
*Carpenter & Mosher*, for appellant.    *Thomas Nolan*, for respondent.

NEWBURGHER, J.    This is an appeal from an order denying a motion to vacate an order of arrest herein.    It appears that the order of arrest was granted upon an affidavit made by the plaintiff, from which it appears that the defendant, a resident of Portland, Me., on or about the 11th day of March, 1891, purchased from one Julius M. Cohen, plaintiff's assignor, a quantity of cigars, and that the defendant represented himself as being perfectly responsible, and that, on the faith of these representations, said Cohen sold the cigars to the defendant, which said representations were false, and fraudulently made.    The motion to vacate was made on the papers upon which the order of arrest was granted.    The affidavit of plaintiff did not warrant granting the order of arrest.    It is apparent from the affidavit that the facts stated were not within the personal knowledge of the plaintiff, and yet he positively alleges conversations between defendant and plaintiff's assignor, and the effect of such conversations on said assignor's mind.    The order appealed from must be reversed, and the motion to vacate order of arrest is granted, with costs.

EHRLICH, C. J., *(dissenting.)*    The plaintiff swears that on March 11, 1891, the defendant purchased of the plaintiff's assignor a bill of cigars worth $67.60, stating that he was perfectly responsible, and doing a large business, and that within a few days thereafter the defendant failed, and made a general assignment, claiming to be insolvent.    These facts were not denied, for the motion to vacate the order of arrest was made on the original papers.    Unexplained, the facts warranted the order, and the motion to vacate it was properly denied.    The point that the facts were not within the plaintiff's knowledge is without force.    He has sworn to them, and they are inferentially within his knowledge.    He may have been present at the time. Upon the record the order appealed from must be affirmed, with costs.